# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA LANCE, doing business as NATIONAL DESALINATION WATER SYSTEMS, CONROY GOODEN, and FLORENCE E. MASON,<br><br>Plaintiffs,<br><br>v.<br><br>LESLIE JEAN ADAMS, NATALIE GARY, CORNELL J. PRICE AND EQUITIES FIRST HOLDINGS, LLC,<br><br>Defendants. | 1:11-cv-00323 OWW GSA<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>(Document 1) |

## INTRODUCTION

On February 25, 2011, Plaintiffs Pamela Lance doing business as National Desalination Water Systems, Conroy Gooden and Florence E. Mason, filed a pleading entitled "Demand for Injunction Claim Against Unauthorize[d] Use, Sale or Transfer of Jewish Colonial Stock" in this Court. (*See* Doc. 1.) The Court construes the pleading to be a complaint for it references "violations for Breach of Contract, Concealing of Stocks, willful violations of the Securities Act of 1933, deprivation of rights, [and] theft of earned wages . . .." (Doc. 1 at 1-2.) Plaintiffs seek

1

1  relief by way of an "emergency injunction."  More particularly, for example, Plaintiffs seek "an
2  Order of this Court to the Bank of America to release the Stocks held in their safe deposit box,"
3  to enjoin the Defendants "from attempting to sell, re-negotiate and secure any other funding
4  sources without the knowledge of" Plaintiffs, and that Defendant Adams be required to
5  "surrender all rights and possession of the . . . 'JCT' Stock currently held by Bank of America."
6  (Doc. 1 at 7-10.)  It also appears Plaintiffs seek compensatory damages, "attorney-in-fact" fees,
7  and costs.  (Doc. 1 at 7-10.)

## FACTUAL SUMMARY

Plaintiffs provide a "history and facts of the case" at pages two through six of their complaint.  While the complaint appears to present a chronological story of sorts, it is confusing.  Generally speaking, it appears that Plaintiff Pamela Lance and Defendant Leslie Jean Adams entered into a written agreement entitled "Joint Venture Participation Agreement" on or about December 4, 2010.[1]  The agreement provided that Defendant Adams was to "make available Funds of a value of Four Billion United States Dollars" that were to be "used as Collateral in trading transactions to raise profit and project funding" for a "Humanitarian Platform."  (Doc. 1 at 2-3, 12.)

Thereafter, Plaintiffs Gooden and Mason became involved - apparently to provide private funding in order to "monetize the 'JCT' stock."  "JCT" refers to "Jewish Colonial Trust" stock owned by Defendant Adams.  Before the transaction between Plaintiffs and Defendant Adams could conclude however, Adams apparently decided she no longer wished to work with the Plaintiffs.  (Doc. 1 at 3-5.)

While it is far from clear, apparently Defendants Natalie Gary and Cornell J. Price became involved shortly thereafter, to the exclusion of any rights held by Plaintiffs.  Plaintiffs

---

[1] Plaintiffs appended this agreement to the complaint, however, it appears pages eight and nine of the ten-page agreement - assuming the entire agreement is ten pages in length - are missing.  Additionally, the Court notes the agreement purports to involve a third party: Raoul McKinney.  However, although he is identified as "Party C" in the agreement itself, Mr. McKinney did not affix his initials to the agreement as did Plaintiff Lance (identified in the agreement as "Party B") and Defendant Adams (identified in the agreement as "Party A").

assert Defendants Adams, Gary and Price "conspired to sabatage [sic] the dea[l]." (Doc. 1 at 5.) Apparently Defendant Price acted as a "closing attorney" to assist Defendant Adams in concluding "the deal," with unnamed third parties. (Doc. 1 at 5-6.) Defendant Gary is identified as a "bank representative." (Doc. 1 at 5.) Notably, although Equities First Holdings, LLC is named as a defendant in the caption, there is no mention of this entity in the facts and/or body of the complaint or its purported wrongdoing.

## DISCUSSION

### A.   *Screening Standard*

"Notwithstanding any filing fee, or any portion thereof, that may have been paid," the Court shall dismiss a case at any time if it determines that the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). *See also Omar v. Sea-Land Service, Inc.*, 813 F.2d 986, 991 (9th Cir. 1987); *Wong v. Bell*, 642 F.2d 359, 361-62 (9th Cir. 1981). If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . .." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusion are not. *Id*. at 1949.

If the Court determines that the complaint fails to state a claim, leave to amend should be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v.*

*Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).  Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the Plaintiff cannot prevail on the facts that he has alleged and that an opportunity to amend would be futile.  *Lopez*, at 1128.

A claim is frivolous if it lacks an arguable basis either in law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 324, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).  A frivolous claim is based on an inarguable legal conclusion or a fanciful factual allegation.  *Id.*  A federal court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or if the factual contentions are clearly baseless.  *Id.*

### B.     *Jurisdiction*

Plaintiffs' complaint asserts this Court's jurisdiction arises under Title 28 of the United States Code section 1331, which provides as follows: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  Plaintiffs' complaint vaguely references "Federal and State laws regarding fraudulent security transfers and deceptive, unsavory business practices."  (*See* Doc. 1 at 1.)  Nevertheless, Plaintiffs' complaint fails to specifically identify what federal laws have been violated. Plaintiffs' reference to "the Securities Act of 1933" is insufficient for Plaintiffs fail to reference any section of the Act with particularity.  (*See* Doc. 1 at 2.)  It is not the Court's responsibility to guess at Plaintiffs intended claims.  Additionally, Plaintiffs' complaint asserts a "deprivation of rights," but fails to identify which rights have allegedly been violated.  (*See* Doc. 1 at 2.)  Again, it is Plaintiffs' responsibility to plainly identify which of their rights have been violated. Similarly too, Plaintiffs vague references to the "Federal Trade Commission" or the "FCC" and its "rules" or "ordinances" is also insufficient.  (*See* Doc. 1 at 7-8.)

Plaintiffs will be granted leave to amend their complaint to specifically identify those federal and/or state laws that Defendants have purportedly violated.

//

//

4

**C.     *The Parties***

Next, it is noted that Plaintiffs are identified as follows: Pamela Lance doing business as National Desalination Water Systems ("NDWS"), and individuals Conroy Gooden and Florence E. Mason.  There are issues of standing as to all Plaintiffs that must be addressed.

A plaintiff must have capacity to sue.  "Capacity" refers to a party's personal right to litigate in federal court.  *See* Fed.R.Civ.P. Rule 17(b).

First, Plaintiffs are advised that  a "corporation may appear in the federal courts only through licensed counsel." *Rowland v. California Men's Colony*, 506 U.S. 194, 202, 113 S.Ct. 716, 721 (1993); *United States v. High Country Broadcasting Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993); *see also Osborn v. President of Bank of United States*, 9 Wheat. 738, 829, 6 L.Ed. 204 (1824); *Turner v. American Bar Ass'n*, 407 F.Supp. 451, 476 (N.D. Tex. 1975) (citing the "long line of cases" from 1824 to the present holding that a corporation may only be represented by licensed counsel).  All artificial entities must appear in federal court through counsel. *Rowland*, 506 U.S. at 202.  Additionally, this Court's Local Rule 183(a) provides: "A corporation or other entity may appear only by an attorney."

Thus, because neither Pamela Lance, Conroy Gooden nor Florence E. Mason are licensed to practice law, none may bring suit on behalf of NDWS.  NDWS is an entity that must be represented by a licensed attorney.

Second, the complaint was signed only by Pamela Lance on behalf of NDWS.  (Doc. 1 at 10.)  "A litigant appearing in propria persona has no authority to represent anyone other than himself." *Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962).  Non-attorney litigants may not represent others.  *Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997); *Church of the New Testament v. U.S.*, 783 F.2d 771, 774 (9th Cir. 1986); *McShane v. United States*, 366 F.2d 286, 288 (9th Cir. 1966). Rule 11 of the Federal Rules of Civil Procedure provides:

> Every pleading, written motion, and other paper must be signed by at least one attorney . . . *or by a party personally if the party is unrepresented. . . .*  The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.

5

(Emphasis added.)   Therefore, Ms. Lance may *not* act as the attorney for named Plaintiffs Gooden and Mason.

Plaintiffs will be given an opportunity to amend their complaint to include Mr. Gooden and Ms. Mason as proper plaintiffs by providing their signatures on any amended complaint.[2] Additionally, Plaintiffs shall amend their complaint to properly address the standing of NDWS - either Plaintiffs shall obtain counsel for NDWS or the complaint shall be amended to name Pamela Lance in her individual capacity only.

### D. *Rule 8(a)*

As Rule 8(a) of the Federal Rules of Civil Procedure states, a complaint must contain "a short and plain statement of the claim."  The rule expresses the principle of notice-pleading, whereby the pleader need only give the opposing party fair notice of a claim. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  Rule 8(a) does not require an elaborate recitation of every fact a plaintiff may ultimately rely upon at trial, but only a statement sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Id*. at 47.

Plaintiffs will be given an opportunity to amend portions of their complaint to comply with Rule 8(a).  As noted above, an elaborate recitation of the fact is *not required*.  In the paragraphs that follow, the Court will provide Plaintiffs with the legal standards that appear to apply to their claims.  Plaintiffs should carefully review the standards and amend their complaint to present only those claims that they believe, in good faith, are cognizable.  Plaintiffs are advised that their first amended complaint must contain all necessary allegations.  Moreover, if Plaintiffs wish to allege causes of action, they must separate each claim and state facts in support of each individual claim against each defendant.

//
//

---

[2] In the event Plaintiffs Gooden and Mason file an amended complaint, should their contact information be different from that of Plaintiff Lance, they shall provide the Court with all necessary contact information as provided for in this Court's Local Rules.

E. *Plaintiffs' Claims*

The Court will address each claim, as otherwise identified by Plaintiffs on pages one and two of the complaint, in turn and provide Plaintiffs with the applicable legal standards related to those claims.

**1. Breach of Contract**

Plaintiffs allege a breach of contract claim. It is not clear from the complaint whether this claim relates to all named Defendants, or rather it was meant to relate only to Defendant Adams. In any event, the claim is insufficiently pled.

In order to state a claim for a breach of contract under California law, Plaintiffs must establish that there was a contract under which they performed or had an excuse for non-performance, and that the Defendants breached the contract, which resulted in damages to the Plaintiffs. *Wall Street Network, Ltd. v. New York Times, Co.*, 164 Cal.App.4th 171, 178, 80 Cal.Rptr.3d 6 (2008); *see also Armstrong v. Petroleum Corp. v. Tri-Valley Oil & Gas Co.*, 116 Cal. App. 4th 1375, 1391 n.6 (2004) (quoting *Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*, 22 Cal. App. 3d 1371, 1399 (1990)).

In any amended complaint, Plaintiffs are directed to clearly and plainly state whether a breach of contract claim is being asserted against all Defendants, and if so, how each Defendant breached its contract with Plaintiff or Plaintiffs, as set forth in the legal standard provided above. A conclusory statement will not suffice. With regard to the "Joint Venture Participation Agreement," only Plaintiff Lance and Defendant Adams appear to be parties to the agreement, rather than all Plaintiffs and all Defendants. Hence, this needs to be clarified. The complaint also references both "contracts" and "agreements"    - plural - but it is not clear that more than the aforementioned agreement existed.  If Plaintiffs intend to each bring a breach of contract claim, each must establish there was a contract under which he or she performed or for which he or she had an excuse of non-performance, that a Defendant or Defendants breached the contract, and that he or she, as plaintiff, was damaged.

**2.      Theft**

Plaintiffs allege "theft of earned wages . . . by way of theft of a Humanitarian Platform."[3] (Doc. 1 at 2.)  Again, it is not clear from the complaint whether this claim relates to all named Defendants or certain Defendants only.  This claim is also not sufficiently pled.

Under California law, civil theft or "[c]onversion is the wrongful exercise of dominion over the property of another.  The elements of a conversion are (1) the plaintiff's ownership or right to possession of the property at the time of the conversion; (2) the defendant's conversion by a wrongful act or disposition of property rights; and (3) damages." *Greka Integrated, Inc. v. Lowrey*, 133 Cal.App.4th 1572, 1581, 35 Cal.Rptr.3d 684 (2005) (internal quotation marks omitted); *see also G.S. Rasmussen & Assocs., Inc. v. Kalitta Flying Serv., Inc.*, 958 F.2d 896, 906 (9th Cir.1992).  "Because conversion is a strict liability tort, questions of the defendant's good faith, lack of knowledge, motive, or intent are not relevant." *Gilman v. Dalby*, 176 Cal.App.4th 606, 615 n.1, 98 Cal.Rptr.3d 231 (2009).

Should Plaintiffs amend their complaint, they must explain how the aforementioned elements of conversion are met, and clearly identify against which Defendant or Defendants this claim is asserted.

**3.      California Business and Professions Code**

To the degree Plaintiffs may have been attempting to assert violations arising under the California Business and Professions Code, the following information is provided.

Plaintiffs are advised that California Business and Professions Code section 17200 *et seq* is a statutory scheme that prohibits "unlawful, unfair or fraudulent business act or practice." *Saunders v. Superior Court*, 27 Cal.App.4th 832, 838, 33 Cal.Rptr.2d 548 (1999) (prohibits "unlawful" practices "forbidden by law, be it civil or criminal, federal, state, or municipal, statutory, regulatory, or court-made").

---

[3] Plaintiffs should define "Humanitarian Platform" as used in the complaint.  It is completely unclear whether the platform referred to is tangible or intangible.

"Unfair" means "conduct that threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise specifically threatens or harms competition." *Cel-Tech Communications v. L.A. Cellular Tel. Co.*, 20 Cal.4th 163, 187, 83 Cal.Rptr.2d 548, 973 P.2d 527 (1999). The "fraudulent" prong requires plaintiff to "show deception to some members of the public, or harm to the public interest." *Watson Laboratories, Inc. v. Thone-Poulenc Rorer, Inc.*, 178 F.Supp.2d 1099, 1121 (C.D. Cal. 2001). A complaint based on an unfair business practice may be predicated on a single act; the statute does not require a pattern of unlawful conduct. *United Farm Workers of Am., AFL-CIO v. Dutra Farms*, 83 Cal.App.4th 1146, 1163, 100 Cal.Rptr.2d 251 (2000); *Brewer v. Indymac Bank*, 609 F.Supp.2d 1104, 1122 (E.D. Cal. 2009).

To state a claim, Plaintiffs must specifically allege: (1) what acts by Defendants were unlawful, unfair or fraudulent; (2) indicate what harm was suffered; and (3) indicate that Defendants were the substantial factor in causing Plaintiffs harm.

**F.    *Relief Requested***

Plaintiffs' complaint seeks relief, in part, by way of an "emergency injunction." The following information is provided with regard to injunctive relief.

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Natural Resources Defense Council, Inc.*, 129 S.Ct. 365, 376 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id*. at 374. An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. *Id*. at 376.

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter,

9

it have before it an actual case or controversy. *City of Los Angeles v. Lyons*, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. *Id*.

The Court does not presently have an actual case and controversy before it, as explained above. As it stands then, the Court cannot address Plaintiffs' request for injunctive relief. Further, despite Plaintiffs' assertions to the contrary, the "Demand for an Injunction Claim . . ." or complaint does not establish that they are likely to succeed on the merits, that they are likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in their favor, and that an injunction is in the public interest.

### G.     *Miscellaneous*

Plaintiffs will be provided an opportunity to cure the deficiencies identified herein and establish to the Court that their claims are proper.

Plaintiffs are advised that summonses have not yet been issued in this matter. Once this Court determines any amended complaint is operative and proper, the Court will then direct the Clerk of the Court to issue such summonses. In the meantime, Plaintiffs shall not seek to serve their amended complaint on any Defendants, as Rule 4 of the Federal Rules of Civil Procedure provides that both a summons and complaint must be served; the rule also addresses the manner of service required.

Finally, the Court encourages Plaintiffs to consider seeking the assistance of an attorney to represent their interests in this matter. Given the number of parties involved and the potential that a number of agreements or contracts may also be at issue, this matter will likely be complicated to litigate for parties not trained in the law. However, Plaintiffs may certainly exercise the right to represent themselves.

//
//

**CONCLUSION**

For the reasons given above, Plaintiffs' complaint is DISMISSED WITH LEAVE TO AMEND**. Plaintiffs' first amended complaint is due within thirty (30) days of the date of service of this order. If Plaintiffs fail to file a first amended complaint, the Court will recommend that this action be dismissed for failure to follow a court order.**

Plaintiffs are cautioned that an amended complaint supercedes the original complaint, and must be "complete in itself without reference to the prior or superceded pleading." *See Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987); Local Rule 220. Plaintiffs are warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567, citing to *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981); *accord Forsyth*, 114 F.3d at 1474.

IT IS SO ORDERED.

Dated:   **May 6, 2011**                    /s/ **Gary S. Austin**
                                            UNITED STATES MAGISTRATE JUDGE